IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN D. WILSON,** | : | CIVIL ACTION NO. 1:24-CV-1110 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **JAMIEE DOE,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This matter comes before the court upon the Report and Recommendation ("R&R") of Magistrate Leo A. Latella, wherein Judge Latella recommends (Doc. 36) granting the pending motions (Docs. 22, 25) to dismiss. Plaintiff John D. Wilson, proceeding *pro se*, filed timely objections. (Doc. 37).

In early 2024, Wilson was charged with a DUI. (See Doc. 34-2 at 1-4). Wilson was arraigned and agreed to proceed on pre-trial services which required him to, among other things, "cooperate with alcohol and drug screens as required." (Doc. 34-3 at ECF 3). In connection with that requirement, Wilson went to an Averhealth facility where, he alleges, he was forced to "[p]ull on his penis in a straight and forward motion as if to begin masturbation, then move his penis from left to right so as to ascertain that plaintiffs' [sic] penis was real." (Doc. 20 at ECF 1). If he failed to follow these instructions, the defendants told him we would go to jail. (Id.). Six months later, Wilson filed this civil suit arguing the defendants' actions violated his constitutional rights and potential state law claims. (Id. at ECF 4-5). After a court

order, (Doc. 19), Wilson filed an amended complaint, (Doc. 20), which is now the operative pleading.

Objections to R&R's are reviewed *de novo* when they are made timely and are specific. Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). When general objections are made, the R&R shall be sustained absent "clear error or manifest injustice." Glob. Tower, LLC v. Hamilton Twp., 897 F. Supp. 2d 237, 249 (M.D. Pa. 2012) (citing Cruz v. Chater, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998)).

Wilson raises two specific objections to Judge Latella's R&R. First, he argues the court cannot consider the documents provided to the court establishing his DUI charges and the conditions of his pre-trial release. (Doc. 37 at ECF 1-2). On this point, he is mistaken. "[J]udicial opinions and docket sheets are public records, of which this court may take judicial notice in deciding a motion to dismiss." Zedonis v. Lynch, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) (citations omitted). Moreover, the court can also consider "indisputably authentic documents upon which [a] Plaintiff's complaint is based." Id. at 422-23 (citations omitted). Therefore, the court may properly consider the fact that Wilson has been charged with a DUI and agreed to abide by certain conditions while on pre-trial release. (See Docs. 33, 34).

Next, Wilson also argues his complaint must proceed because the defendants have admitted to the conduct he alleges in his complaint. (Doc. 37 at ECF 2-3). This objection misunderstands the posture of a case on a motion to dismiss. At this stage, the court assumes as true all of the facts alleged in a complaint. (See Doc. 36 at 9) (taking as true all of Wilson's alleged facts). Rather, what Judge Latella did in his

R&R, was say that even assuming all the facts are true, Wilson still cannot recover under the law. (<u>Id.</u> at 11-24). Wilson offers no objections to Judge Latella's legal conclusion, accordingly this court reviews those legal conclusions for clear error or manifest injustice. After careful consideration of Judge Latella's R&R, the court agrees Wilson's complaint fails to state a complaint and that allowing further amendment of his complaint would be futile. Therefore, the motions to dismiss shall be granted, the federal claims dismissed with prejudice, and the state claims dismissed without prejudice. A separate order shall issue.

/S/ K<small>ELI</small> M. N<small>EARY</small>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

January 26th, 2026